## Farrell Estate

*Thomas M. Hart* and *Martin & Brown*, for petitioner.

*Wiliam P. Farrell*, for estate.

BRADY, P. J., August 21, 1957.—On June 25, 1956, Angelo Giombetti filed a petition for citation to show cause why Paul A. Farrell, administrator, should not file an account.

Jane P. Farrell, decedent, died April 21, 1951, intestate, and letters of administration on her estate were not granted until August 10, 1955. She left surviving her, her husband, Andrew D. Farrell, Sr., and her children, Elizabeth Marie Farrell (now Elizabeth Marie Flynn), Andrew D. Farrell, Jr., and Paul A. Farrell.

The answer to the petition for citation alleges the sole asset in the above named estate was a two story frame dwelling known as 1212 College (now University) Street, in Scranton, that this property, by reason of the intestacy of decedent, became vested in her surviving spouse and her three children and that the surviving spouse and children, Andrew D. Farrell, Jr., and Elizabeth Marie Flynn, and their respective spouses, conveyed their right, title and interest in said property to Paul A. Farrell, by deed dated April 18, 1955, and recorded in the office for recording of deeds in and for Lackawanna County in Deed Book 523, page 518, which was over four years after the death of decedent. Paul A. Farrell subsequently sold said property to Girard Anthony Speicher et ux.

Evidently, from the allegation made at the argument, the claim of Mr. Giombetti is not against the estate of decedent, but against her surviving spouse, Andrew D. Farrell, Sr., as a distributee of her estate. The claim is based upon a judgment note in which said Andrew D. Farrell, Sr., was the maker and Angelo Giombetti the endorser. Evidently the note went to protest and Mr. Giombetti had to pay it and is now making claim for payment against said Andrew D. Farrell, Sr.

The petition of Mr. Giombetti alleges that he "is a party in interest, having been granted letters of administration as a creditor of Andrew D. Farrell, deceased husband of Jane P. Farrell." No facts are set forth in the petition as to the nature of petitioner's

claim or the balance due, nor does the petition allege that there is any estate out of which the claim could be collected. The answer avers that the sole asset of Jane P. Farrell was a two-story frame dwelling at 1212 College (now University) Street, Scranton, which was sold by the heirs four years after the death of decedent.

I think section 615 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.16, applies in this case:

"Section 615. Limitation Upon Claims.—All claims against the decedent, subject only to the provisions of sections 611 and 612, shall become unenforceable after one year from the decedent's death against a bona fide grantee of, or holder of a lien on, real property of the decedent who has acquired his interest for value from or through those entitled to the property by will or by intestacy, either—

"(1) More than one year after the death of the decedent and when no letters issued in the Commonwealth upon the decedent's estate were in effect; or,

"(2) Within such year if no letters upon the decedent's estate have been issued in the Commonwealth during that year.

"Nothing in this section shall be construed to limit the right of a personal representative subsequently appointed to recover from the heir or devisee the value of property so sold or encumbered."

Commission's Comment—"This section is intended to make title to real property freely alienable after one year where (1) no letters are granted or (2) there is a vacancy in letters. Where no personal representative is appointed for a period of one year, the creditor should look only to the heir, devisee or next of kin for the payment of his claim. When the heir or devisee has sold or encumbered the property, the personal representative subsequently appointed could call upon him to account for the proceeds of the sale or lien."

Claimant in this case has a claim against the heir, the surviving spouse, but is not a claimant against this estate. The sale of the property by the heirs after one year, when no letters were issued, lawfully disposed of title. There is no reason for this estate to seek an accounting of the proceeds of the sale. Claimant here must look to the heir's estate for payment or an accounting.

And now, August 21, 1957, the petition of Angelo Giombetti for a citation to show cause why an account should not be filed in this estate is dismissed.